# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-60650
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 7, 2020

Lyle W. Cayce
Clerk

S.O., individually and on behalf of her minor son, B.O.,

     Plaintiff - Appellant

v.

HINDS COUNTY SCHOOL DISTRICT; PRINCIPAL BEN LUNDY, in his individual and official capacities; ASSISTANT PRINCIPAL TOMMY BRUMFIELD, in his individual and official capacities; ASSISTANT PRINCIPAL MICHELLE RAY, in her individual and official capacities,

     Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:17-CV-383

Before HIGGINBOTHAM, HO, and ENGELHARDT, Circuit Judges.

JAMES C. HO, Circuit Judge:

S.O. brought this suit on behalf of her then twelve-year old son, B.O. She claims that Timothy Brumfield, an assistant principal at B.O.'s school, violated her son's Fourth Amendment rights by searching his pockets after a teacher caught him selling contraband candy.

When she first filed this suit, S.O. initially alleged that Brumfield had grabbed her son's genitalia. So the district court denied Brumfield qualified immunity. But undisputed record evidence later demonstrated that, at most,

No. 19-60650

Brumfield had only searched the boy's pocket and did not grab his genitalia. Accordingly, the district court granted Brumfield qualified immunity.

On appeal, S.O. complains that the district court misunderstood her earlier argument. She contends that she never claimed that Brumfield grabbed her son's genitalia—only that Brumfield unreasonably searched his pockets. But accepting her contention as true, it only means that the district court should have granted qualified immunity to Brumfield even earlier.

On the face of the appeal, then, it is patently obvious that there is no relief to which S.O. is entitled. We accordingly affirm.[1]

---

[1] In addition, Judge Ho would have directed S.O.'s counsel to explain why she should not be sanctioned for filing a frivolous appeal, *see* FED. R. APP. P. 38—if not also for "conduct unbecoming a member of the bar," *see* FED. R. APP. P. 46(b)–(c). As explained above, the appeal is demonstrably frivolous on the face of counsel's briefs. Moreover, those briefs not only contain countless misspellings and grammatical errors—they also appear to appeal to prejudice. Counsel's opening brief repeatedly contends that "Brumfield was touching around in minors [sic] pocket, making minor believe the Defendant was gay." Her reply brief then concludes that B.O. "believed that . . . Broomfield [sic] was gay, making the touch of the minor's privacy area that more offensive." That is circular logic: Brumfield searched B.O.'s pockets, so he must be gay—and because he is gay, he shouldn't have searched B.O.'s pockets. And the demonstrable failure of counsel's logic makes one wonder why counsel bothers to bring up sexual orientation at all. It should go without saying that members of the bar are expected to engage in legal argument—not prejudice. *But cf. Glass v. Paxton*, 900 F.3d 233, 238 (5th Cir. 2018) (quoting a professor's declaration, which counsel urged district court to review, that she feared "religiously conservative" and "libertarian" students because they hold "extreme views," are prone to "anger and impulsive action," and are "more likely to own guns given their distaste for government").

2